UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KRISTEN KEITH,                                                               Plaintiff,

v.                                            Civil Action No. 3:14-cv-352 -DJH

PSI LOUISVILLE, INC., et al.,                                  Defendants.

\* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

Defendant Brooks Law Office objects to Plaintiff Kristen Keith's bill of costs. (Docket No. 28) Though Brooks entered an Offer of Judgment (D.N. 25), and is required to pay attorney fees pursuant to the Fair Debt Collection Practices Act, it contends that the Court should apportion fees among its codefendants, neither of which have a judgment against them, and that Keith's lawyer failed to properly account for his hours billed. (D.N. 29) The Court will deny the defendant's objections and order payment of fees.

### I.    BACKGROUND

Keith sued Defendants PSI Louisville, Inc. (PSI), Brooks Law Office (Brooks), and GLA Collection Company, Inc. alleging violations of the Fair Debt Collection Practices Act (FDCPA). (Docket No. 1) Before the parties' Rule 16 Scheduling Conference was conducted, GLA settled. (D.N. 11) Months later, Brooks entered an Offer of Judgment, which Keith accepted. (D.N. 25) Under the FDCPA, any debt collector found liable is required to pay the cost of the action and reasonable attorney fees. 15 U.S.C. § 1692k(a)(3). Keith submitted a bill of costs to which Brooks objected. (D.N. 28, 29) Brooks contends that Keith's lawyer, James Lawson, failed to apportion his costs between Brooks, GLA, and PSI, which recently filed for bankruptcy (D.N. 32), and to properly account for his hours billed.

1

## II. ANALYSIS

### A. Apportionment

The Court will not apportion Lawson's billed time among the defendants. Though Brooks argues that all of Keith's billed time should be apportioned between Brooks, PSI, and GLA (D.N. 29, PageID # 120), the statute specifically requires a debt collector to have violated the statute. 15 U.S.C. § 1692k(a). The FDCPA states that "any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of — in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney fee as determined by the court." 15 U.S.C. § 1692k(a). Neither has been determined to have violated the statute. GLA settled—and Lawson did not include any hours billed against GLA in his timesheet—and there is no judgment against PSI. (D.N. 30, PageID # 131; D.N. 28-1)

Brooks points to *Berry v. School Dist. of City of Benton Harbor*, 703 F. Supp. 1277 (W.D. Mich. 1986), a § 1983 case where the court apportioned attorney fees, arguing that "the 6th Circuit, provided framework for the Court's apportionment consideration." (D.N. 29, PageID # 123) This opinion, however, is from the Western District of Michigan, not the Sixth Circuit. *Berry*, 703 F. Supp at 1277. And in *Berry*, the court apportioned attorney fees between all liable parties. *Id.*

In *Bridgeport Music, Inc. v. Dimension Films*, 383 F.3d 390 (6th Cir. 2004), the Sixth Circuit considered an attorney fees apportionment issue. While the Sixth Circuit examined a different statute in which attorney fees are discretionary, its analysis is instructive. *Id*. The district court apportioned attorney fees and costs among three defendants: apportioning one defendant 90% of the total and holding the other two defendants jointly and severally liable for

2

the rest. *Id*. In upholding this award, the Sixth Circuit emphasized the considerable discretion district courts are given when awarding attorney fees because "there is no precise rule or formula for making these determinations." *Id*. at 404-05 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 538 (1994)). Indeed, other circuits give district courts latitude when determining whether to hold the defendants either jointly and severally liable or allocate the fees among them. *See, e.g.*, *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331 (1st Cir. 2008) (district court must determine whether the fee award should be awarded jointly and severally against the defendants and, if not, what portion of the award each defendant should pay); *Herbst v. Ryan*, 90 F.3d 1300 (7th Cir. 1996) (noting "there is no simple formula of universal applicability").

Brooks is the only liable party here, to date. Under these operative facts, the Court finds it reasonable for Brooks to pay Keith's attorney fees. Brooks may choose to seek contribution from PSI in bankruptcy court, if permissible, or in this Court in the future, if PSI is found liable.

### B. Accounting

The Court also disagrees that Lawson failed to properly account for his hours billed because the evidence supporting Lawson's hours worked is sufficient and his requested fee is reasonable. In making this determination, the Court finds that Lawson provided the Court with "evidence supporting the hours worked and rates claimed" and demonstrated that the requested fee was reasonable. *Building Service Local 47 v. Grandview Raceway,* 46 F.3d 1392, 1402 (6th Cir. 1995); *Heriges v. Wilson Cnty., Tenn.*, No. 3:09-CV-0362, 2010 WL 4116719, at *11-12 (M.D. Tenn. Oct. 19, 2010); *see U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997) (directing district courts to "provide a concise, but clear explanation of its reasons for the award."). Lawson included a detailed time sheet with his bill of costs, complete with columns indicating the date, case, task, notes, and hours billed. (D.N. 28-1) Each entry

3

relates to Brooks, directly corresponds to docket filings, and no entry is "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983). Additionally, his hourly rate of $250.00 is reasonable; it is the same rate found to be a reasonable market rate in a FDCPA case in this area. *See Hale v. LVNV Funding, LLC*, No. 4:15CV-00076-JHM (W.D. Ky September 18, 2015), ECF Docket No. 17.

The Court also finds that Keith's requested attorney fees figure ($3,600) (D.N. 28, PageID # 113) directly corresponds with the requisite lodestar figure, which is determined first by "multiply[ing] the number of hours reasonably expended on the litigation by a reasonable hourly rate," and, second, considering other factors, and to adjust the award upward or downward to achieve a reasonable result." *Geier v. Sundquist*, 372 F.3d 784, 792 (6th Cir. 2004) (quoting *Hensley*, 461 U.S. at 434 (1983)). No adjustment is necessary.

### III.  CONCLUSION

Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) The Defendant's objection (D.N. 29) to the Plaintiff's Bill of Costs (D.N. 28) is **DENIED**.

(2) Defendant Brooks Law Office shall pay the Plaintiff the amount requested in the Plaintiff's Bill of Costs (D.N. 28, PageID # 113).